José Luis Rodríguez y Rodríguez, Appellant, *v.* Registrar of Property of San Juan (First Section), Respondent.

No. 1124.   Submitted July 10, 1943.—Decided July 21, 1943.

*H. Torres Solá* for petitioner.   The registrar appeared by brief.

Mr. Justice Snyder delivered the opinion of the court.

The owner of a parcel of land executed a mortgage thereon in favor of Adolfo Rauschenplat and his wife to secure a loan of $1,500.   When Rauschenplat died, this mortgage credit, reduced to $1,200, was adjudicated by a partition of property which was recorded in the registry as follows:

"Adolfo Rauschenplat and his wife, Olimpia Gutiérrez del Arroyo, are the owners of the mortgage credit on this farm in the amount of $1,500, as shown by the third inscription, *which according to the document presented has been reduced to $1,200,* and Mr. Rauschenplat having died, his widow and heirs have partitioned his property, *adjudicating said mortgage credit* to the heir, Octavia Rauschenplat, resident of Toa Baja, to apply to her share, it being recorded by her, so reduced, as per deed of partition . . .".   (Italics ours).

Thereafter, Octavia Rauschenplat by public deed, transferred the said mortgage credit to Bárbara Fernández which was recorded in the following manner:

"Octavia Rauschenplat is the owner of a mortgage credit in the amount of $1,500 as shown by the third and sixth inscriptions, acquired by inheritance, and Jorge Nevares López, as attorney-in-fact of his wife, Octavia Rauschenplat, transfers to Bárbara Fernández Látimer, widow of Echevarría, the mortgage credit above mentioned, *which according to him has been reduced to $1,200. . . .* " (Italics ours).

In 1942 Bárbara Fernández executed a cancellation deed for $1,200 as total and final payment of the aforesaid credit. After recording the said cancellation deed, the Registrar added the following note:

"After examining another document, the cancellation has been recorded through annotation at page 221 volume 157 Santurce, North property 6866, 7th entry. San Juan, April 21, 1943.—(Sgd.) A. Malaret, Registrar.—Fees $4.00. Tariff No. 3 P.C. It is set forth that the mortgage remains in force in the Registry, in the amount of $300, which was not ceded to Bárbara Fernández."

This administrative appeal was brought to review the refusal of the Registrar to cancel completely the mortgage credit of $1,500.

The Registrar contends that no document presented to him shows what took place with reference to $300 of the original $1,500 credit, that no document shows that said amount has been paid to the original creditor, Adolfo Rauschenplat, and that this portion of the credit might well have been ceded to a third party, whose rights would be prejudiced by complete cancellation of the mortgage. The petitioner, however, asserts that the partition deed of the estate of Adolfo Rauschenplat and the deed executed by Olimpia Rauschenplat transferring said credit to Bárbara Fernández both sufficiently show satisfaction of $300 of the credit prior to the execution of the partition deed.

We are satisfied from the registry entry of the partition deed that all that was left of the mortgage deed—$1,200— was ceded in that instrument to Octavia Rauschenplat. The partition deed specifically recites that "the said mortgage

credit" is adjudicated to her. If the mortgage creditor had previously ceded $300 of this credit to a third person, as the Registrar contends might possibly be the case, the partition deed would have been more likely to read that "the remaining portion of the said credit" is adjudicated to her. It is also of some significance that no third party has come forward and registered any other portion of the credit. Recognition by the heirs of the original creditor being clearly manifested that the credit continued to exist only in the amount of $1,200, we find that the Registrar erred in refusing to cancel the credit as a whole on payment of $1,200. See §82 of the Mortgage Law (§6766, Revised Statutes, Ed. 1911, p. 1077) and *Héreter* v. *Registrar of Property*, 18 P.R.R. 783.

The ruling of the Registrar will be reversed, and he will be directed to record the cancellation deed free of the note complained of.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.